IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEHDI DARYANI and NEDA MOAYERI § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:10-cv-05181 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 22), in which Defendant argues that it is entitled to summary judgment on all of Plaintiffs' claims. Having considered Defendant's motion, the absence of a response to that motion, Defendant's summary judgment evidence, and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED.

I.  **Background and Procedural History**

Plaintiffs Mehdi Daryani and Neda Moayeri filed this suit in the 55th District Court of Harris County, Texas, seeking to prevent Defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing on their residence at 423 Electra Drive, Houston, Texas 77024 ("Residence"). Wells Fargo timely removed the case to this Court on the basis of diversity jurisdiction. Thereafter, Plaintiffs filed Plaintiffs' First Amended Complaint (Doc. No. 11), alleging that Wells Fargo funded the extension of credit for an incorrect amount, that the Plaintiffs entered

---

[1] On May 10, 2011, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. (Doc. No. 10).

into a modified agreement with Wells Fargo for a lower monthly payment as a result of falling behind on their mortgage payments, that even though they continued to make the lowered monthly payments timely, Wells Fargo informed them that they were in default of their loan and began to institute foreclosure proceedings. Plaintiffs set fourth numerous claims against Wells Fargo: (1) common law fraud; (2) statutory fraud; (3) fraud by omission; (4) negligence; (5) breach of contract; (6) breach of warranty; (7) deceptive trade practices; (8) action to quiet title; (9) defamation; (10) violation of the Texas Constitution; (11) wrongful foreclosure; (12) accounting; (13) specific performance; and (14) rescission and injunction against foreclosure proceedings. (Doc. No. 11). Defendants have filed a Motion for Summary Judgment on all claims, arguing that there is no evidence to support the essential elements of any of Plaintiffs' claims. (Doc. No. 22). Plaintiffs have not filed a response to the motion and have come forth with no summary judgment evidence in support of any of their claims.

## II.    Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, [2] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party must satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520

that summary judgment should not be granted. *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelly v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993)(citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has the discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2513 (1986).

### III. Discussion

#### A. Fraud-Based Claims

Plaintiffs contend that Wells Fargo engaged in common law fraud, statutory fraud, and fraud by omission. (Doc. No. 11). Plaintiffs' common law fraud is based on allegations that Wells Fargo "made numerous material misrepresentations to Plaintiffs regarding the original

---

F.3d 409, 412 (5th Cir. 2008).

extension of credit application, the original extension of credit closing documents, and the modification to the extension of credit." *Id.* In Texas, the elements of a claim of fraud by misrepresentation are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Here, Plaintiffs' common law fraud claim fails because there is no summary judgment evidence to support any of the essential elements.

Plaintiffs' statutory fraud claim is based on Plaintiffs' allegations that "[Wells Fargo] committed fraud in a transaction involving real estate by making a false promise to Plaintiffs to perform the act of either extending a loan on certain terms or promising to modify Plaintiffs' loan on certain terms." (Doc. No. 11). In Texas, the elements of a claim for statutory fraud involving real estate are: (1) a transaction involving real estate where (2) the defendant makes a false representation of a past or existing material fact (3) with the purpose of inducing the Plaintiff to enter into a contract, and (4) the Plaintiff does enter into the contract by relying on the false representation. TEX. BUS. & COM. CODE § 27.01(a). Plaintiffs' statutory fraud claim also fails because there is no summary judgment evidence to support any of these essential elements.

Plaintiffs' fraud by omission claim is based on Plaintiffs' allegations that "[Wells Fargo] intended to induce Plaintiffs to take action on both the original extension of credit and the modification by concealing and/or failing to disclose certain material facts." (Doc. No. 11). In order to prove a claim for fraud by nondisclosure, a plaintiff must prove:

(1) concealment or failure to disclose a material fact within the knowledge of the

4

party; (2) knowledge that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) intent to take some action by concealing or failing to disclose the fact, and (4) injury to the other party as a result of acting without the knowledge of the undisclosed fact.

*NuVasive, Inc. v. Renaissance Surgical Ctr. North, L.P.*, No 11-cv-2897, 2012 WL 531129, at * 9 (S.D. Tex. Feb. 17, 2012). Additionally, "a failure to disclose information does not constitute fraud unless there is a duty." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Plaintiffs' fraud by omission claim likewise fails because there is no summary judgment evidence to support any of these essential elements.

In addition, Plaintiffs' fraud claims also fail because they are barred by the statute of frauds and the economic loss rule. Under Texas law, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). Furthermore, "an agreement which is not to be performed within one year from the date of making the agreement" must be in writing to be enforceable. *Id.* § 26.01(b)(6). Plaintiffs' loan, which is laid out in the Fixed Rate Loan Note and Texas Deed of Trust signed by Plaintiffs, exceeds $50,000 in value ($145,700) and was not intended to be repaid within a year (monthly payments over fifteen years). (Doc. No. 22 (Ex. 1A, 1B)). In this case, Plaintiffs fraud claims are premised on alleged misrepresentations that Wells Fargo made "regarding the original extension of credit application, the original extension of credit closing documents, and the modification to the extension of credit," that Wells Fargo promised to "modify Plaintiff's loan on certain terms," and that Wells Fargo "conceal[ed] and/or fail[ed] to disclose certain material facts" about the original extension of credit and modification. (Doc.

5

No. 11). Such alleged representations, because it would have altered the terms of the parties' loan agreement, had to be in writing to comply with Texas' statute of frauds. *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, pet. dism'd w.o.j). In addition, Plaintiffs' fraud claims fail under the economic loss rule which provides, "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Here, any complaints by Plaintiffs about Wells Fargo's misrepresentations, or their failure to provide information relating to the loan or alleged modification agreement, relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud claim. *See Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied) (holding that the economic loss rule barred a fraud claim).

Wells Fargo is entitled to summary judgment on the Plaintiffs' fraud claims.

**B.    Negligence Claims**

Plaintiffs allege that Wells Fargo "failed to exercise ordinary care in fulfillment of their duty to engage in commercially reasonable financial transactions," that Wells Fargo "failed to fulfill their duty of good faith and fair dealing toward Plaintiffs," and that Wells Fargo "failed to provide Plaintiffs with proper notice of the material terms of their credit transaction and modification transaction." (Doc. No. 11). Wells Fargo argues in its Motion for Summary Judgment that it did not owe a duty to the Plaintiffs, and that any negligence claim is barred by the economic loss rule. (Doc. No. 22). Wells Fargo also argues that Plaintiffs were provided proper notice of the material terms of their loan when the "Plaintiffs assented to" the Note and Deed of Trust. *Id.*

In Texas, in order to establish a negligence claim a plaintiff must prove: "'(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach.'" *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 355 F.3d 453, 466 (5th Cir. 2003)).

In this case, there is no summary judgment evidence to support a negligence claim. In particular, there is no evidence that Wells Fargo, as a mortgage holder or as a mortgage servicer, owed the Plaintiffs any duty. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (holding that there is no special relationship or duty that arises from a relationship between a mortgagor and mortgagee). In addition, the summary judgment evidence shows that Plaintiffs signed the Loan and Deed of Trust, both of which contained the material terms of the Loan. (Doc. No. 22 (Ex. 1A, 1B)).

Furthermore, Plaintiffs' negligence claims, like their fraud claims, fail under the economic loss rule which provides, "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action." *Sanghera v. Wells Fargo Bank, N.A.*, No 3:10-CV-2414, 2012 WL 555155, at *5 (N.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). Here, the only relationship between the parties is contractual and is in the form of the Note and Deed Trust. Any alleged duty that Wells Fargo may have breached would relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a negligence claim. *See Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *see also* DeLanney, 809 S.W.2d at 494. Therefore, Wells Fargo is also entitled to summary judgment on the negligence claims.

### C. Breach of Contract Claims

In their breach of contract claims, Plaintiffs allege Wells Fargo "failed to disclose certain material information regarding the original extension of credit" and "modification agreement," that Wells Fargo "failed to perform its duties and obligations under both the original extension of credit and the modification agreement," and that Wells Fargo "breached the contracts by failing to give proper notices, . . . by terminating the borrower/lender relationship, and by wrongfully refusing to accept Plaintiff's payments on the loan contract." (Doc. No. 11). Wells Fargo argues that the Plaintiffs claims are barred by the statute of frauds and that they have "no evidence in support of their breach of contract claim." (Doc No. 22).

In order to prevail on a breach of contract claim, a plaintiff must prove: "(1) a valid contract between plaintiff and defendant existed, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff sustained damages as a result of the breach." *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In this case, there is no summary judgment evidence to support Plaintiffs' breach of contract claims. Plaintiffs have not indicated what material terms were not disclosed to them regarding the original extension of credit. In addition, Plaintiffs assented to the terms of the Loan and Deed of Trust as evidenced by their signatures. (Doc. No. 22 (Ex. 1A, 1B)). Wells Fargo did not try to enforce any additional material terms outside of the contract. With respect to Plaintiffs' claim that Wells Fargo failed to disclose information regarding the modification agreement, (Doc No. 11), Plaintiffs failed to provide any summary judgment evidence that a modification agreement exists. In particular, there is no written agreement between the parties

8

that could constitute an enforceable loan modification agreement. Any verbal representation as to the existence or terms of a loan modification, because it would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value,[3] is unenforceable under Texas' statute of frauds. *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d at 555.

Plaintiffs also allege that Wells Fargo failed to provide them with proper notices. (Doc. No. 11). However, they fail to state what the improper notices were and they fail to provide any summary judgment evidence in support of their allegation(s). Plaintiffs also allege that Wells Fargo breached the contract by terminating their contractual relationship. (Doc. No. 11). Again, Plaintiffs have failed to provide summary judgment evidence to support this allegation. Wells Fargo seeks to enforce the terms of the original Loan and Deed of Trust, and there is no evidence of a modified agreement.

Plaintiffs also allege that Wells Fargo refused to accept Plaintiff's modified payments on the loan contract. (Doc. No. 11). The Deed of Trust signed by Plaintiffs states "[Wells Fargo] may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Doc. No. 22 (Ex. 1B)). Plaintiffs admitted that they were unable to continue to pay the original loan amount, and have failed to prove a modified agreement exists. (Doc. No. 11). Wells Fargo was within their contractual rights to refuse acceptance of a partial payment that did not bring the Loan current. Summary judgment is therefore warranted on Plaintiffs' breach of contract claims.

---

[3] The mortgage loan, dated October 13, 2007, was for $145,700. (Doc. No. 22 (Ex. 1A)).

9

### D. Breach of Warranty Claim

Plaintiffs allege in their breach of warranty claim that Wells Fargo "fail[ed] to notify Plaintiffs of all material terms of the original extension of credit contract and fail[ed] to fulfill its duties and obligations under the loan modification contract." (Doc. No. 11).

In this case, there is no summary judgment evidence that Wells Fargo made a warranty to the Plaintiffs and that the warranty was breached. Furthermore, the summary judgment evidence shows that Plaintiffs assented to the terms of the Loan and Deed of Trust as evidenced by their signatures. (Doc. No. 22 (Ex. 1A, 1B)). Wells Fargo did not try to enforce any additional terms outside of the contract, and there is no summary judgment evidence that a loan modification was ever made. In addition, for the same reasons set forth above, Plaintiffs' breach of warranty claim is barred by the statute of frauds. Thus, summary judgment is also warranted on the breach of warranty claim.

### E. Deceptive Trade Practices Act Claim

Plaintiffs assert in their Deceptive Trade Practices Act (DTPA) claim that Wells Fargo "fail[ed] to disclose information concerning the financial products and services which were known at the time of the transactions to be false and of inferior quality," and that Wells Fargo "mishandl[ed] Plaintiffs' loan repayments . . . [,] fail[ed] to fulfill their contractual duties and obligations under the loan modification contract, and . . . fail[ed] to send proper notices to the Plaintiffs as required." (Doc. No. 11). Wells Fargo argues that there is no summary judgment evidence to support this claim, that Plaintiffs are not consumers under the DTPA, and that the home equity loan, and incidental services related to the loan, are not considered goods or services under the DTPA. (Doc. No. 22).

In Texas, in order to prevail on a DTPA claim a Plaintiff must show: (1) the plaintiff is a consumer, (2) the Defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)).  A plaintiff must also prove they "detrimentally relied on a false, misleading, or deceptive act or practice." *Simpson v. Woodbridge Props., L.L.C.*, 153 S.W.3d 682, 684 (Tex. App.—Dallas 2004, no pet.) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)(B)).

Here, there is no summary judgment evidence that would support any element of a DTPA claim.  Furthermore, as pointed out by Defendant, a loan not associated with the purchase of property, such as a home equity loan, is not considered a good or service under the DTPA. *Grant-Brooks v. Wilshire Credit Corp.*, No. Civ.A.3:02-cv-2455-A, 2004 WL 1194462, *5 (N.D. Tex. May 27, 2004).  Likewise, servicing a loan is not a service under the DTPA and does not confer consumer status to Plaintiffs. *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 801 (Tex. App.—Tyler 1999, no pet.).  Wells Fargo is therefore entitled to summary judgment on Plaintiffs' DTPA claim.

### F.    Quiet Title Claim

In their Quiet Title Claim, Plaintiffs allege that "[Wells Fargo]'s action of foreclosure constitutes a cloud on [their] title" because "[Wells Fargo]'s claim, though facially valid, is in fact invalid and unenforceable." (Doc. No. 11).

A claim to quiet title "relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, Nos. 01-09-00813-CV, 01-11-00688-CV, 01-11-00689-CV, 2012 WL 1071231, at *19 (Tex. App.—Houston [1st Dist.] March 29, 2012, pet. filed).  The

cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. —Houston [1st Dist.] 2009, pet. denied) (quoting *Thompson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)).

The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. —Houston [1st Dist.] Dec. 30, 2011, no pet.).

In this case, Plaintiffs have failed to provide any summary judgment evidence that Wells Fargo's claim is invalid or unenforceable. Therefore, summary judgment is also warranted on the quiet title claim.

### G. Defamation Claim

Plaintiffs allege in their defamation claim that "[Wells Fargo]'s acts or omissions have defamed Plaintiffs' credit reputation and credit-worthiness in the business community." (Doc. No. 11). Wells Fargo argues that Plaintiffs have no evidence to support their defamation claim. (Doc. No. 22).

In Texas, in order to prevail on a defamation claim, a "plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of a statement." (WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998).

In this case, Plaintiffs have provided no summary judgment evidence to support any of

12

these elements. As a result, summary judgment on the defamation claim.

### H. Violation of the Texas Constitution Claim

Plaintiffs claim Wells Fargo violated the Texas Constitution by alleging that "[t]he fees and expenses charged to the Plaintiffs by Wells Fargo at the time of the closing were in excess of the 3% limitation provided by the Texas Constitution, Art. XVI, §50." (Doc. No. 11). Plaintiffs do not provide any summary judgment evidence to support this claim. Furthermore, Plaintiffs signed the Home Equity Extension of Credit Agreement and Acknowledgment of Fair Market Value on October 19, 2007, in which Plaintiffs represented that they were not "paying, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent (3.00%) of the original principal amount of the Extension of Credit." (Doc. No. 22 (Ex. 1C)).

Based on the absence of any summary judgment evidence to support this claim, as well as the representations in the Home Equity Extension of Credit Agreement and Acknowledgment of Fair Market Value document, summary judgment on this claim.

### I. Wrongful Foreclosure Claim

Wells Fargo states in its Motion for Summary Judgment that "[i]t is not entirely clear whether Plaintiffs assert a claim for wrongful foreclosure." (Doc. No. 22). Indeed, Plaintiffs do not specifically lay out a claim for wrongful foreclosure. Wells Fargo asserts that Plaintiffs cannot recover for a wrongful foreclosure claim because they "have not been dispossessed of the Property." *Id.* "Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure." *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, Civ. A. No. H-10-3828,

2011 WL 2551127, at *3 (S.D. Tex. June 27, 2011). Insofar as Plaintiffs are asserting a wrongful foreclosure claim herein, summary judgment is warranted against them on such a claim.

### J.     Accounting

Plaintiffs allege that "[Wells Fargo]'s records are unreliable and in error" and therefore "seek an accounting of such records as they pertain to Plaintiffs' original loan application and loan modification process and transactions." (Doc. No. 11).

An accounting claim "is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Here, there are no allegations, or any other summary judgment evidence, that either the facts or the Loan at issue are so complex that adequate relief cannot be obtained at law. Summary judgment is therefore also warranted on the accounting claim.

### K.     Specific Performance

Plaintiffs request "specific performance by [Wells Fargo] to satisfy its obligations under the loan modification agreement and transaction." (Doc. No. 11). As previously mentioned, Plaintiffs have not provided evidence that a modification agreement exists. Plaintiffs are not entitled to specific performance.

### L.     Rescission and Injunction

Plaintiffs also request "rescission of the foreclosure proceeding instituted by [Wells Fargo] and for an injunction against the further actions to proceed with the foreclosure and/or transfer of the subject property by special warranty deed from [Wells Fargo] to any other entity."

(Doc. No. 11). Wells Fargo argues "this request fails as a matter of law because a foreclosure sale has not taken place." (Doc. No. 22). Wells Fargo also alleges that the "proceeding regarding Plaintiff's property was automatically abated and dismissed with the filing of this lawsuit." (Doc. No. 22). Plaintiffs have not provided evidence that Wells Fargo is currently proceeding with foreclosure. Therefore, plaintiffs are not entitled to a rescission of the foreclosure proceedings. As for Plaintiffs' claim to injunctive relief, in the absence of a viable substantive claim, such relief is not available. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996).

## VI. Conclusion and Order

Based on the foregoing, and the conclusion that Plaintiffs have not come forth with any summary judgment evidence that would raise a genuine issue of material fact on any of the claims they asserted, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 22) is GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

Signed at Houston, Texas, this 13th day of August, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE